No. 22-1368

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JAMES G. HOWE; TIMOTHY CHARLES; JACOB KALLAL; GEORGE NEEDS, | ) Appeal from the United States ) District Court for the Southern ) District of Illinois |
| Plaintiffs-Appellees, | ) |
| v. | ) |
| ROB JEFFREYS, in his official capacity as Acting Director of the Illinois Department of Corrections; GREG MORGENTHALER, in his official capacity as Warden of Big Muddy River Correctional Center; and HEATHER WRIGHT, in her official capacity as Administrator of the Sexually Dangerous Persons Program, | ) ) No. 3:14-cv-844 ) ) ) ) ) ) ) ) ) The Honorable ) STACI M. YANDLE, |
| Defendants-Appellants. | ) Judge Presiding. |

**RESPONSE TO PLAINTIFFS-APPELLEES' NOTICE OF JAMES HOWE'S CONDITIONAL RELEASE**

Defendants-Appellants respond to Plaintiffs-Appellees' Notice that Plaintiff-Appellee James Howe has been conditionally released from the sexually dangerous persons program and that Howe is no longer detained at Big Muddy River Correctional Center. *See* 7th Cir. Doc. 41.[1]

---

[1] LaToya Hughes should be substituted as a Defendant-Appellant for Rob Jeffreys because she is now the Acting Director of the Department of Corrections. *See* Fed. R. Civ. P. 25(d).

1. First, although plaintiffs assert that Howe "continues to prosecute this claim," *id.* at 3, Howe's conditional release likely moots his claim. Plaintiffs sought only declaratory and injunctive relief, AT Br. 1, 12; Doc. 26 at 1, regarding the treatment they were receiving at Big Muddy, AT Br. 12-13; Doc. 26 at 1, 4-5, 7-10. And the district court's injunction ordered the Department to provide plaintiffs with certain treatment and recovery evaluations while they were detained at Big Muddy. *See* AT Br. 20-21; Doc. 286. Although Howe remains a sexually dangerous person under the Department's supervision, because he is no longer physically detained at Big Muddy, his request for injunctive relief would be moot unless he is "likely" to return there. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (cleaned up). Howe does not contend that he is. *See generally* 7th Cir. Doc. 41.

2. In addition, Howe's release relates to an issue discussed at oral argument. There, plaintiffs argued that they had no ability to obtain release absent the level of treatment ordered by the district court, *see* Oral Argument at 14:21-14:29, *Howe v. Jeffreys* (No. 22-1368), http://media.ca7.uscourts.gov/sound/2023/mn.22-1368.22-1368_01_10_2023.mp3 ("Oral Argument"), and that Howe, in particular, had no opportunity to obtain release through the state court recovery proceedings, *id.* at 19:37-20:00. In rebuttal, defendants explained that this was incorrect. First, defendants noted that the state courts (and not the Department) determine whether to discharge or conditionally release civilly committed sexually dangerous persons, and thus, the amount and format of treatment and evaluations were not the sole obstacles to plaintiffs' release. *Id.* at 22:05-22:37, 23:08-23:30; *see*

AT Br. 38-39. Moreover, defendants noted that a number of sexually dangerous persons, including some of the original plaintiffs in this case, were discharged or conditionally released through state court proceedings during the pendency of this case, and that additional sexually dangerous persons had been discharged or conditionally released since the bench trial. Oral Argument at 22:37-23:08; *see* AT Br. 39.

     3.    Howe's conditional release thus further illustrates this point addressed at oral argument: the state courts provide a meaningful opportunity for sexually dangerous persons to obtain release from civil commitment.

                                    Respectfully submitted,

                                    **KWAME RAOUL**
                                    Attorney General
                                    State of Illinois

By:    /s/ Leigh J. Jahnig
       **LEIGH J. JAHNIG**
       Assistant Attorney General
       100 West Randolph Street
       12th Floor
       Chicago, Illinois 60601
       (312) 793-1473 (office)
       (773) 590-7877 (cell)
       Leigh.Jahnig@ilag.gov

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on June 12, 2023, I electronically filed the foregoing **Response to Plaintiffs-Appellees' Notice of James Howe's Conditional Release** with the Clerk of United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I further certify that the other participants in this appeal, named below, are CM/ECF users and will be served by the CM/ECF system.

John D. Stobbs II
jds2@stobbslaw.com

John D. Simmons
john@simmonsfirm.com

Gary Payne
gpayne@simmonsfirm.com

/s/ Leigh J. Jahnig
**LEIGH J. JAHNIG**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 793-1473 (office)
(773) 590-7877 (cell)
Leigh.Jahnig@ilag.gov